**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT COVINGTON**

**CIVIL ACTION NO. 26-144-DLB-CJS**

**KEITH D. COX, et al.** **PLAINTIFFS**

**v.** **MEMORANDUM OPINION AND ORDER**

**BOONE COUNTY SCHOOL BOARD, et al.** **DEFENDANTS**

* * * * * * * * * * * * * * * *

## I. INTRODUCTION

This matter is before the Court on the Motion to Dismiss by Defendants Boone County School Board, Boone County School District, and Boone County Schools Superintendent (collectively, "Boone County"). (Doc. # 6). Additionally, Plaintiffs Keith Cox, Olivia Cox, D.C., S.C., DS. C., O.C., V.C., and K.C., proceeding *pro se*, have filed a Motion for Leave to file a Late Response to Defendants' Motion to Dismiss (Doc. # 7), a Motion to Strike (Doc. # 7-2 at 1), a Motion to Amend the Complaint (Doc. # 8), a Motion to Appoint Counsel, (Doc. # 9), and a Motion to Disqualify Defense Counsel or Exclude Prior Case Materials (Doc. # 10). These six motions have been briefed in full, and this matter is ripe for the Court's review.

For the following reasons, Plaintiffs' Motion for Leave (Doc. # 7) is **granted**, Plaintiffs' Motion to Strike (Doc. # 7-2 at 1) is **denied**, Plaintiffs' Motion to Amend (Doc. # 8) is **denied**, Plaintiffs' Motion to Appoint Counsel (Doc. # 9) is **denied**, Plaintiffs' Motion to Disqualify Defense Counsel or Exclude Prior Case Materials (Doc. # 10) is **denied**, and Defendants' Motion to Dismiss (Doc. # 6) is **granted**.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Although the Complaint is sparse in detail, the Court can glean the following factual background.

Keith and Olivia Cox reside in Boone County, Kentucky. (Doc. # 1-1 ¶¶ 2-3). The Coxes allege that, during the period relevant to their Complaint, "the majority [of their minor children] attended schools operated by Defendants[.]" (*Id.* ¶ 4). During their time at Boone County Schools, the Coxes continue, Defendants repeatedly mistreated their minor children.

First, the Coxes assert that "[o]ne or more of the [Coxes'] minor children suffered from a health condition that impacted their ability to participate fully in school activities." (*Id.* ¶ 9). However, they allege that Defendants "consistently ignored" this condition and failed to "provide appropriate accommodations." (*Id.*).

Second, the Coxes allege that "[t]here were instances of sexual misconduct affecting the minor children occurring within the school environment." (*Id.* ¶ 12). And, the Coxes continue, Defendants "knew or should have known" of this misconduct yet failed to take appropriate action in response. (*Id.*).

Third, the Coxes allege that they and their minor children "were subjected to differential treatment, hostility, and adverse actions by school staff and administrators based on the family's race and skin color." (*Id.* ¶ 13). This discriminatory conduct included a "refusal or delay in providing appropriate accommodations and special education services, failure to investigate and remediate bullying and sexual misconduct

directed at the Plaintiffs' children, disparate disciplinary measures, and derogatory or demeaning statements[.]" (*Id.* ¶ 14).

Finally, the Coxes claim that Defendants failed to properly "identify, evaluate, and provide appropriate special education and related services and accommodations" in violation of the Individuals with Disabilities Education Act ("IDEA"), Section 504 of the Rehabilitation Act of 1973, and the Americans with Disabilities Act ("ADA"). (*Id.* ¶ 16).

On March 13, 2026, Plaintiff Keith Cox—individually and as next friend for his minor children V.C., D.C., S.C., DS.C., O.C., and K.C.—and Olivia Cox, individually, filed a *pro se* Complaint in Boone County Circuit Court. (*Id.* at 5-11). In the Complaint, Plaintiffs assert that Defendants are liable for negligence (Count I), intentional infliction of emotional distress (Count II), negligent supervision (Count III), violations of the IDEA, Section 504 of the Rehabilitation Act of 1973, and the ADA (Count IV), "race and other protected-characteristic discrimination" (Count V), and negligence per se (Count VI). (*Id.* at 8-9). Defendants removed the case to this Court on April 1, 2026. (Doc. # 1).

Subsequently, on April 22, 2026, Defendants moved to dismiss the Complaint. (Doc. # 6). Pursuant to Local Rule 7.1(c), Plaintiffs' deadline to respond was May 13, 2026. However, on May 18, 2026, Plaintiffs filed five motions. First, Plaintiffs filed a Motion for Leave to file a Late Response to Defendants' Motion to Dismiss (Doc. # 7). Second, Plaintiffs moved to amend the Complaint to remove one of the minor children, Vernira Cox, and add her as an adult plaintiff pursuing her own claims. (Doc. # 8 at 1). Plaintiffs also moved, under 28 U.S.C. § 1915(e)(1) and the Court's inherent authority, for appointment of counsel for the remaining minor children. (Doc. # 9 at 4-5). Lastly, Plaintiffs moved to disqualify Defendants' counsel or exclude prior case materials. (Doc.

# 10 at 5). Defendants filed an omnibus Response in Opposition to these motions (Doc. # 12) and Plaintiffs filed a Reply (Doc. # 13).[1] All motions having been fully briefed, the matter is ripe for the Court's review.

## III. MOTION FOR LEAVE

Before turning to the substance of Defendants' Motion to Dismiss, the Court will briefly address Plaintiffs' Motion for Leave to File a Late Response (Doc. # 7).

Under Local Rule 7.1(c), unless otherwise ordered by the Court, any party opposing a motion must file a response within twenty-one days of service. Failure to file a timely response "may be grounds for granting the motion." L.R. 7.1(c). As discussed above, Plaintiffs' deadline to respond to Defendants' Motion to Dismiss was May 13, 2026. However, Plaintiffs failed to file a timely response.

Plaintiffs do not claim that an intervening force prevented their compliance with the Court's rules. Instead, they argue that, "as *pro se* litigants, [they] were unaware that a written response was required within the time set by Local Rule 7.1(c)," and they reassure the Court that they "did not intentionally delay or disregard the Court's rules." (Doc. # 7 at 1). And they ask the Court to accept their untimely Response (Doc. # 7-2) pursuant to Federal Rule of Civil Procedure 6(b)(1)(B). (*Id.*).

Pursuant to Rule 6(b), if a party asks a court to accept a filing after the relevant deadline, "the court may do so 'where the failure to [file before the deadline] was the result of excusable neglect." *Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 522 (6th Cir. 2006) (quoting Fed. R. Civ. P. 6(b)). Courts in the Sixth Circuit balance five factors when

[1] Along with their Motion for Leave to File a Late Response, Plaintiffs tendered a copy of their Response in Opposition. (Doc. # 7-2). In their Response, Plaintiffs move to strike the exhibits attached to Defendants' Motion to Dismiss. (*See* Docs. # 6-1 through 6-3). Defendants addressed this motion in their Reply in support of their Motion to Dismiss. (Doc. # 11 at 1).

determining whether excusable neglect is present: "(1) the danger of prejudice to the nonmoving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, (4) whether the delay was within the reasonable control of the moving party, and (5) whether the late-filing party acted in good faith." *Id.* (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs., Ltd. P'Ship*, 507 U.S. 380, 395 (1993)).

Defendants oppose an extension of Plaintiffs' time to respond. They argue that Plaintiffs' *pro se* status does not excuse their failure to comply with the Court's procedural rules. (Doc. # 11 at 2). Indeed, the Sixth Circuit has held that where a *pro se* litigant "fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)). However, the Court finds that, under the present circumstances, an extension is warranted. To start, Defendants do not claim that they will suffer any real prejudice should the Court accept Plaintiffs' untimely Response. Indeed, Plaintiffs' Response was filed along with their Motion for Leave just five days after the passage of their responsive deadline and Defendants address its merits in their Reply. (*See generally* Doc. # 11). The relative brevity of this delay similarly tilts the second factor in Plaintiffs' favor. *See Cooper v. Panda Express, Inc.*, No. 3:25-cv-80-KAC-DCP, 2025 WL 1727038, at *4 (E.D. Tenn. June 20, 2025) (deeming a delay of five days in filing a response to an amended complaint relatively short). However, the third factor, the reason for delay, cuts the other way. Plaintiffs offer no justification for their failure to file a timely response aside from their own ignorance of the Local Rules. (Doc. # 7 at 1). Accordingly, the delay was entirely within

Plaintiffs' control. Still, this incident constitutes Plaintiffs' first failure to comply with a deadline. And Plaintiffs acted promptly to tender a response once they realized their mistake. Thus, on the balance, the Court finds that Plaintiffs have established excusable neglect. As a result, their Motion for Leave to File a Late Response (Doc. # 7) is **granted**.

## IV. MOTION TO AMEND

Plaintiffs also move to amend the Complaint pursuant to Federal Rule of Civil Procedure 15(a)(2). (Doc. # 8). Specifically, Plaintiffs note that one of the minor children, Vernira Cox, turned eighteen years old on April 1, 2026. (*Id.* at 1). "[B]ecause her legal status changed after filing," Plaintiffs ask the Court to remove Vernira as a minor plaintiff represented by Keith Cox and add her as an adult plaintiff pursuing her own claims. (*Id.*). Defendants oppose these amendments. (Doc. # 12 at 1). They argue that, although a party may plead and conduct her case personally or by counsel, "parties may not proceed *pro se* where interests other than their own are at stake." (*Id.* (citing *Shepherd v. Wellman*, 313 F.3d 963 (6th Cir. 2002))). Thus, Defendants argue, an individual may not appear *pro se* on another person's behalf. (*Id.*). And because neither Keith nor Olivia Cox are licensed attorneys, Defendants argue that they cannot appear on Vernira Cox's behalf—even for the limited purpose of seeking amendment of the Complaint. (*Id.* at 2).

Rule 15(a)(2) allows for amendment of the pleadings "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Courts should grant leave freely "when justice so requires." *Id.* Thus, the question before the Court is whether the interests of justice demand the addition of Vernira Cox as a plaintiff in her own right.

Sixth Circuit law is well-settled that "parents cannot appear *pro se* on behalf of their minor children because a minor's personal cause of action is her own and does not belong

to her parent or representative." *Shepherd*, 313 F.3d at 970; *see also H.C. v. Fleming County Bd. of Educ.*, No. 17-6269, 2018 WL 11589034, at *2 (6th Cir. July 11, 2018) (holding that parents may not represent their minor children on a *pro se* basis). Because parents may not appear *pro se* on behalf of their minor children, it follows that parents may not appear *pro se* on behalf of their *adult* children, who enjoy greater agency and control over their own claims and interests. *See* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct *their own cases personally* or by counsel[.]") (emphasis added).

In *Harris v. Cleveland City Board of Education*, a district court in the Eastern District of Tennessee faced a similar set of facts. No. 1:17-cv-121, 2018 WL 1124961, at *3 (E.D. Tenn. Mar. 1, 2018). There, a mother initiated a *pro se* action individually and on behalf of her adult son, alleging that, while he was still a minor, the local school board violated several of the same federal statutes that form the basis for the Coxes' claims. *Id.* at *1. However, the district court dismissed all of the plaintiff's claims asserted on behalf of her son. *Id.* at *3. The *Harris* court first observed that, under federal law, a parent cannot represent their child on a *pro se* basis. *Id.* (citing 28 U.S.C. § 1654; *Lawson v. Edwardsburg Pub. Sch.*, 751 F. Supp. 1257, 1258 (W.D. Mich. 1990)). Moreover, under the Federal Rules of Civil Procedure, every unrepresented party must personally sign each pleading. *Id.* (citing Fed. R. Civ. P. 11(a)). Because the mother lacked the authority to represent her son in a *pro se* capacity and because her son did not sign the initial complaint, the *Harris* court concluded that the son had never been a party to the case. *Id.* Accordingly, the *Harris* court dismissed all of the claims the mother purported to assert on behalf of her son. *Id.* The same logic applies here.

Because neither of the Coxes are licensed attorneys, they cannot appear on behalf of their children—whether they have attained the age of majority or not. *See Shepherd*, 313 F.3d at 970; *see also Saturday on Behalf of Saturday v. Fayette Cnty. Bd. of Educ.*, 739 S.W.3d 147, 151-52 (Ky. App. 2025) (holding that, under Kentucky law, a parent cannot "act as the attorney for [his] children by proceeding with the prosecution of the case on his own"). None of the Cox children signed the Complaint. (*See* Doc. # 1-2 at 11). And *pro se* parents are unable to act as the attorney for their children. *Shepherd*, 313 F.3d at 970. So, Vernira Cox has never been a party to this litigation. As a result "any claim relating to violation of [Vernira's] rights [must be] dismissed because [s]he has not filed a complaint." *Harris*, 2018 WL 1124961, at *3. Vernira may file her own complaint—either *pro se* or with the aid of counsel—but the Court will not add Vernira as a plaintiff in this case.[2] Accordingly, Plaintiffs' Motion to Amend (Doc. # 8) is **denied**.[3]

## V. MOTION TO DISQUALIFY DEFENSE COUNSEL

Next, Plaintiffs seek the disqualification of Boone County's counsel (Doc. # 10 at 5). Plaintiffs suggest that because Boone County's attorneys "previously represented the Boone County School District in administrative due process hearings involving Plaintiffs

---

[2] Although such substitutions may be appropriate where a minor child, through her next friend, is represented by counsel prior to attaining the age of majority, they are inappropriate where the child's parents erroneously attempt to assert the child's claims on a *pro se* basis. *See Walker v. Evans*, No. 10-12596, 2011 WL 3583248, at *1 (E.D. Mich. Aug. 15, 2011).

[3] However, even if the Court were to grant Plaintiffs' Motion to Amend, its analysis of the Complaint would remain the same. Because the Motion to Amend merely seeks to add Vernira Cox as a plaintiff in her own right—without altering any of the substantive allegations—the Complaint would still be subject to dismissal under Rule 12(b)(6) for failure to state a claim. As discussed in further detail below, the Complaint fails to allege sufficient factual details regarding Defendants' allegedly wrongful conduct. Plaintiffs' proposed amendment does not provide additional color to these allegations. As a result, the proposed amendment would be futile. *See Skatemore, Inc. v. Whitmer*, 40 F.4th 727, 737-38 (6th Cir. 2022) ("An amendment is futile when, after including the proposed changes, the complaint still could not withstand a Rule 12(b)(6) motion to dismiss.") (internal quotation marks omitted).

and their children[,]" they must be disqualified. (*Id.*). Specifically, Plaintiffs suggest that Boone County's counsel has "access to confidential educational records," "may be a necessary witness regarding disputed facts," and that "counsel's prior involvement creates a conflict of interest under Kentucky Rules of Professional Conduct 1.7 and 3.7." (*Id.*).

In the Sixth Circuit, "disqualification of counsel is appropriate if '(1) a past attorney-client relationship existed between the party seeking disqualification and the attorney it seeks to disqualify; (2) the subject matter of those relationships was/is substantially related; and (3) the attorney acquired confidential information from the party seeking disqualification.'" *Bowers v. Ophthalmology Grp.*, 733 F.3d 647, 651 (6th Cir. 2013) (quoting *Dana Corp. v. Blue Cross & Blue Shield Mutula of Northern Ohio*, 900 F.2d 882, 889 (6th Cir. 1990)). Plaintiffs do not claim that they were previously represented by Boone County's counsel in this matter. So, the Court will **deny** Plaintiff's Motion (Doc. # 10).[4]

## VI. MOTION TO STRIKE

Plaintiffs have also moved to strike exhibits attached to Defendants' Motion to Dismiss. (Doc. # 7-2 at 1). Specifically, Plaintiffs argue that these exhibits (Docs. # 6-1 through 6-3) were "not referenced in the Complaint," and as a result, the Court must either exclude them or convert Defendants' Motion into a motion for summary judgment. (Doc. # 7-2 at 1).

[4] In their Motion, Plaintiffs alternatively seek the exclusion of "prior case materials." (*Id.* at 5). For the reasons discussed in relation to Plaintiffs' Motion to Strike (Doc. # 7-2 at 1), this request is **denied** as well. *See, infra* § VI.

Generally speaking, a court may not consider matters outside the pleadings when evaluating a motion to dismiss under Rule 12(b)(6). *Stein v. hhgregg, Inc.*, 873 F.3d 523, 528 (6th Cir. 2017). If a court considers such materials, it should treat the motion to dismiss as a motion for summary judgment under Rule 56. *Id.*; Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."). However, a court may consider "exhibits attached to [a] defendant's motion to dismiss, so long as they are referred to in the complaint and are central to the claims contained therein, without converting the motion to one for summary judgment." *Id.* (quoting *Gavitt v. Born*, 835 F.3d 623, 640 (6th Cir. 2016)).

Here, the Court may consider the exhibits attached to Defendants' Motion without converting it to a motion for summary judgment. These exhibits include two decisions from administrative proceedings before the Kentucky Department of Education's Division of Learning Services (Docs. # 6-1 and 6-3) and a Settlement Agreement entered into by Keith and Olivia Cox on behalf of their minor child, wherein they release all claims related to a separate due process action against Boone County (Doc. # 6-2). Plaintiffs argue that "[t]he Complaint is based on tort damages, emotional distress, negligence, failure to protect, and civil rights violations, not on relitigating educational issues." (Doc. # 7-2 at 1). And Plaintiffs argue that "[t]he administrative records [attached to the Motion to Dismiss] concern only three of six children and do not resolve the tort claims asserted here." (*Id.*).

However, Plaintiffs' Complaint makes repeated reference to previous "administrative due process proceedings" during which Boone County allegedly engaged

in "administrative impropriety." (Doc. # 1-1 ¶ 6). Moreover, these "administrative improprieties" form the basis for several of Plaintiffs' claims. For example, Plaintiffs' negligence claim alleges that Defendants breached a duty owed to Plaintiffs by "engaging in or permitting administrative improprieties (including false signatures)." (*Id.* ¶ 22). Likewise, Plaintiffs allege that Defendants' "administrative malfeasance" rose to the level of "extreme and outrageous" conduct that can support a claim for intentional infliction of emotional distress. (*Id.* ¶ 24). Accordingly, Plaintiffs' Motion to Strike (Doc. # 7-2 at 1) is **denied**.

## VII. MOTION TO DISMISS

### A. Analysis

#### *1. Standard of Review*

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint that fails to state a claim upon which relief can be granted. To survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is deemed facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard asks for "more than a sheer possibility that a defendant has acted unlawfully." *Id.*

In addressing a motion to dismiss under Rule 12(b)(6), a district court must accept the complaint's factual allegations as true, draw all reasonable inferences in the plaintiff's favor, and only then determine whether those facts and inferences plausibly give rise to

an entitlement to relief. *Marvaso v. Sanchez*, 971 F.3d 599, 605 (6th Cir. 2020). However, the Court will "disregard bare legal conclusions and 'naked assertion[s],' affording the presumption of truth only to genuine factual allegations." *Dakota Girls, LLC v. Philadelphia Indem. Ins. Co.*, 17 F.4th 645, 648 (6th Cir. 2021) (quoting *Iqbal*, 556 U.S. at 678). Further, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," do not state a claim that can survive at the motion to dismiss stage. *Fritz v. Michigan*, 747 F. App'x 402, 405 (6th Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678).

"Pleadings drafted by pro se litigants should be held to a less stringent standard than those drafted by lawyers and should be liberally construed." *Findler v. City of Ann Arbor*, No. 20-1540, 2020 U.S. App. LEXIS 40145, at *4 (6th Cir. Dec. 22, 2020) (citing *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). However, *pro se* plaintiffs must comply with the minimum pleading requirements set out by the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)). Under this standard, a *pro se* pleading must still "provide the opposing party with notice of the relief sought." *Frengler v. Gen. Motors*, 482 F. App'x 975, 977 (6th Cir. 2012). Where a *pro se* plaintiff fails to sufficiently identify a claim, "it is not within the purview of the district court to conjure up claims never presented." *Id.*

#### ***2. Dismissal of Claims Asserted on Behalf of Minor Children***

First, Defendants move to dismiss the claims asserted on behalf of the Coxes' children. (Doc. # 6 at 5-6). As discussed above, "parents cannot appear *pro se* on behalf of their minor children because a minor's personal cause of action is her own and does not belong to her parent or representative." *Shepherd*, 313 F.3d at 970; *see also Moses*

*v. Gardner*, No. 17-5497, 2017 WL 9251805, at *1 (6th Cir. Nov. 9, 2017). "[W]hile parents may sue or defend in their own name on behalf of a minor child . . . they may not do so *pro se* but must engage the services of an attorney." *Khatri v. Dearborn Pub. Schs.*, No. 4:23-cv-12930, 2024 WL 3625313, at *3 (E.D. Mich. July 31, 2024), *report and recommendation adopted by*, 2024 WL 3908981, at *1 (E.D. Mich. Aug. 22, 2024) (citation omitted). Because neither Keith nor Olivia Cox are licensed attorneys, they may not appear *pro se* on behalf of their minor children.

Plaintiffs do not dispute Defendants' argument. In their Response, Plaintiffs even acknowledge that *pro se* parents cannot litigate claims on behalf of their minor children. (Doc. # 7-2 at 2). Plaintiffs, instead, maintain that Keith and Olivia Cox "may bring their own tort and civil rights claims." (*Id.*). In that respect, they are correct. *See Turner v. MCS*, No. 2:24-cv-2978-SHL-ATC, 2025 WL 2490476, at *3 (W.D. Tenn. May 13, 2025) (holding that a father may pursue his own claims *pro se*, but he cannot pursue those of his minor son without counsel), *report and recommendation adopted by* 2025 WL 2484279, at *2 (W.D. Tenn. Aug. 27, 2025). Because Keith and Olivia Cox cannot appear *pro se* on behalf of their minor children, the Court will only consider the claims asserted in the Complaint insofar as they pertain to Keith and Olivia personally.[5]

[5] The Court also **denies** Plaintiffs' Motion for Appointment of Counsel (Doc. # 9). District Courts may "exercise their discretion in appointing counsel for indigent civil litigants, and they should only do so in 'exceptional circumstances.'" *T.S. by and through Staats v. Kenwood Pub. Sch. Bd. of Educ.*, No. 1:21-cv-832, 2021 WL 12272585, at *4 (W.D. Mich. Dec. 30, 2021) (denying a *pro se* parent's request for the appointment of counsel for his minor children) (citing *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993)). Plaintiffs have failed to show the requisite "exceptional circumstances" to warrant the appointment of counsel. *Id.* In their Motion, Plaintiffs contend that "[a]ppointment [of counsel] is necessary to protect the minors' interests and ensure proper presentation of their claims." (Doc. # 9 at 4-5). However, Plaintiffs have not established that they cannot afford a lawyer. Indeed, prior to removal, the Boone Circuit Court denied Plaintiffs' request to proceed *in forma pauperis*. (Doc. # 1-1 at 4). And although Plaintiffs allege that they "have found it difficult to secure legal representation[,]" they have not established that they are unable to retain counsel in a manner that would justify the extraordinary relief they

### 3. *Dismissal of Duplicative Claims*

Next, Defendants move to dismiss the Coxes' claims against the Boone County School District and the official capacity claims against the Superintendent of Boone County Schools. They argue that these claims are duplicative of those leveled against Defendant Boone County Board of Education. (Doc. # 6 at 7). Defendants assert that the claims against the Boone County School District should have been brought against its Board of Education. In Defendants' view "[t]he district itself has no independent legal existence apart from the board that governs it; rather, the board is the legal embodiment of the school district." (*Id.* (citing KRS § 160.290)). Defendants also argue that the official capacity claims against the Superintendent should be dismissed because a suit against an individual in his official capacity is the legal equivalent of suing the entity he represents. (*Id.* at 6). The Court agrees.

Under Kentucky law, the Boone County Board of Education is the proper legal manifestation of the Boone County School District. KRS §§ 160.160(1), 160.290(1)–(2). Indeed, each Kentucky school district is "under the management and control of a board of education," which may "sue and be sued" and "do all things necessary to accomplish the purposes for which [the board] is created." *Id*. Thus, it follows that the Boone County Board of Education exists to manage the dealings—in this case, the legal dealings—of

request. (*Id.* ¶ 20). Further, as discussed below, the Complaint fails to state a facially plausible claim for relief. Appointment of counsel is inappropriate where it is not clear that a substantial claim may be brought on behalf of the party requesting appointment. *See Mate v. Fields*, No. 16-CV-12828, 2016 WL 6216005, at *2 (E.D. Mich. Oct. 25, 2016) (citing *Berrios v. New York City Hous. Auth.*, 564 F.3d 130, 134 (2d Cir. 2009) (internal quotation marks and citations omitted)); *L.A. ex rel. Arnold v. Mitchell*, No. 3:11-cv-1088, 2012 WL 1831246, at *3 (M.D. Tenn. May 18, 2012) (denying motion to appoint counsel for a *pro se* plaintiff's incompetent daughter where the complaint "consist[ed] largely of conclusory allegations, and fail[ed] to state precisely what acts or omissions by [the] defendants are alleged to be wrongful"). As a result, Plaintiffs have failed to demonstrate that appointment of counsel is necessary under these circumstances.

the Boone County School District as a whole. As Defendants note, the District itself has no legal existence and the Board exists, in part, to be sued. (Doc. # 6 at 7). Accordingly, the Court **dismisses** as duplicative any claims against the Boone County School District.

Further, the Court agrees that the official capacity claims against the Superintendent of Boone County Schools are duplicative. The Supreme Court has held that an official capacity suit "'generally represent[s] only another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166–67 (1985) (quoting *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690 n.55 (1978)). Accordingly, in a lawsuit—such as this one—that names both an entity and employees officially representing the entity, courts will dismiss the official capacity claims as duplicative. *See Doe v. Claiborne Cnty., Tenn. By & Through Claiborne Cnty. Bd. of Educ.,* 103 F.3d 495, 509 (6th Cir. 1996); *Banks v. Breathitt Cnty. Bd. of Educ.*, 925 F. Supp. 2d 856, 863 (E.D. Ky. 2013) (dismissing official capacity claims against board of education employees as "redundant"); *C.A. ex rel. G.A. v. Morgan Cnty. Bd. of Educ.*, 577 F. Supp. 2d 886, 890. (E.D. Ky. 2008) (same). Thus, the official capacity claims against Defendant Boone County Schools Superintendent are **dismissed** as duplicative.

### *4. IDEA, Rehabilitation Act, and ADA Claims*

In Count IV of their Complaint, Plaintiffs assert an omnibus claim for "violations of IDEA and Section 504/ADA." (Doc. # 1-1 at 8). The Court will first address Plaintiffs' claim under the IDEA before turning to those under the Rehabilitation Act and the ADA.[6]

---

[6] It is worth noting that Count IV of the Complaint fails to comply with the Federal Rules of Civil Procedure from the outset. Rather than separate each of their claims into separate counts, Plaintiffs have opted for an impermissible form of "shotgun pleading" that violates Rule 10(b). *See Lee v. Ohio Ed. Ass'n*, 951 F.3d 386, 392-93 (6th Cir. 2020) (citing Fed. R. Civ. P. 10(b)). Plaintiffs

**i. Plaintiffs fail to state a claim under the IDEA.**

The IDEA provides federal funding to state and local educational agencies "in exchange for a commitment: to furnish a 'free appropriate public education'—more concisely known as a FAPE—to all children with certain physical or intellectual disabilities." *Fry v. Napoleon Cmty. Sch.*, 580 U.S. 154, 158 (2017) (citing 29 U.S.C. § 1401(3)(A)(i) (listing covered disabilities)). A FAPE, for IDEA purposes, consists of "special education and related services" that are "tailored to meet a child's 'unique needs' and sufficient 'support services' to permit the child to benefit from that instruction." *Id.* (citing 20 U.S.C. §§ 1401(9), (26), (29)) (citation omitted). In providing a FAPE, public schools are required to design Individualized Education Programs ("IEPs") for students with qualifying disabilities. 20 U.S.C. § 1414(d).

In addition, the IDEA establishes formal procedures, outlined below, for resolving disputes between parents and school officials:

- First, an aggrieved parent may file a complaint with respect to any matter relating to the provision of a FAPE with a local or state educational agency. *Id.* § 1415(b)(6). This "triggers a formal meeting" between school officials, parents, and members of the child's "IEP Team." *Id.* § 1415(f)(1)(B)(i).

- If this meeting fails to produce a resolution, the IDEA provides that all parties may enter mediation at the school's expense. *Id.* § 1415(e)(2). If the mediation is unsuccessful or the parties refuse to mediate, the parents may then file a "due process complaint" with the state's education agency. *Id.* §

must "connect specific facts or events with the various causes of action" they assert. *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 947 (7th Cir. 2013). Instead, Count IV offers just two conclusory sentences: "Defendants failed to identify, evaluate and provide a free appropriate public education (FAPE) and reasonable accommodations for eligible students as required by federal law. Those failures caused educational harm and other damages." (Doc. # 1-1 ¶ 26). But this kind of "kitchen sink" pleading violates the Federal Rules of Civil Procedure. By failing to identify the specific facts or events that form the bases for each of the three claims they assert in Count IV, Plaintiffs have run afoul of Rule 8(a)(2)'s requirement that they "provide the defendants 'adequate notice of the claims against them and the grounds upon which each claim rests.'" *Lee*, 951 F.3d at 392-93 (quoting *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (quotation omitted)). Count IV is subject to dismissal on this basis. *Id.* at 393.

1415(b)(7)(A). In Kentucky, this means the Kentucky Department of Education ("KDE").

- Then, the IDEA requires that the KDE, acting as a Hearing Officer, conduct a Due Process Hearing. *Id.* § 1415(g)(1); 707 K.A.R. 1:340 § 12 (citing KRS Chapter 13B). After the KDE Hearing Officer issues a decision, if a party is still dissatisfied, they may file an appeal to KDE's Exceptional Children Appeals Board ("ECAB"). 707 K.A.R. 1:340 § 13.

- The ECAB represents the "last option in the state grievance procedure[,]" and after the ECAB issues a decision, "the IDEA's grievance procedure is exhausted[.]" *L.H. v. Hamilton Cnty. Dep't of Educ.*, 900 F.3d 779, 790 (6th Cir. 2018) (citing *Fry*, 580 U.S. at 159).

"A decision made by the [ECAB] shall be final unless a party appeals the decision to state circuit court or federal district court." 707 K.A.R. 1:340 § 13(2). Under § 1415(i)(2)(B), the party making this appeal "shall have 90 days from the date of the decision of the hearing officer to bring such an action" unless the relevant state law provides an "explicit time limitation" to the contrary. "The party challenging the IEP, typically the parents or guardian, has the burden of proving by a preponderance of the evidence that the IEP devised by the school is inappropriate." *L.H.*, 900 F.3d at 790 (citing *Schaffer ex rel. Schaffer v. Weast*, 546 U.S. 49, 62 (2005)).

Plaintiffs allege that "Defendants failed to identify, evaluate, and provide a free appropriate public education (FAPE) and reasonable accommodations for eligible students as required by federal law" and that "[t]hose failures caused educational harm and other damages." (*Id.* ¶ 26). As a result, they seek relief under the IDEA. (Doc. # 1-1 ¶¶ 16, 26). Defendants argue that Plaintiffs' IDEA claim must be dismissed for three reasons. First, Defendants state that that the Complaint fails to allege a claim under the IDEA as it relates to Keith and Olivia because it "does not allege that Keith and Olivia have ever been enrolled as students with the Boone County Schools[.]" (Doc. # 6 at 13-

14). And, in any event, Defendants assert that the District "has no obligations to parents of students under the IDEA[.]" (*Id.* at 14). Second, Defendants argue that the Complaint must be dismissed because it fails to allege a factual basis sufficient to support a finding that any of the minor children had a qualifying disability under the IDEA or that Defendants failed to provide a FAPE. (*Id.*). Finally, Defendants maintain that Plaintiffs' IDEA claim must be dismissed because they have failed to exhaust their administrative remedies.

Start with Defendants' first argument. As discussed above, individuals who are not attorneys generally may not represent others in a *pro se* capacity. However, "[a] parent may represent herself *pro se* to vindicate rights that may be intertwined with her child's granted under a statutory scheme such as [the IDEA]." *H.C.*, 2018 WL 11589034, at *2 (citing *Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516, 535 (2007)). The Supreme Court has recognized that these rights include "the right to a free appropriate public education for their child." *Winkelman*, 550 U.S. at 532. However, while parents may proceed *pro se* to litigate *their own* claims, the Supreme Court expressly declined to decide "whether [the] IDEA entitles parents to litigate their child's claims *pro se*." *Id.* at 535. Thus, Courts in the Sixth Circuit continue to prohibit a parent's *pro se* representation of their minor children's IDEA claims. *See, e.g.*, *E.C. v. Daeschner*, No. 3:06-cv-643-S, 2007 WL 2462182, at *3 n.3 (W.D. Ky. Aug. 29, 2007); *Jones v. Child Protective Services*, No. 3:08-cv-73-S, 2008 WL 2559247, at *2 n.1 (W.D. Ky. June 24, 2008); *Cook v. Groveport Madison Local Sch. Dist.*, No. 2:25-cv-1117, 2025 WL 3537583, at *4 (S.D. Ohio Dec. 10, 2025). Plaintiffs themselves acknowledge that "parents cannot litigate IDEA claims for minors without counsel." (Doc. # 7-2 at 2). Thus, to the extent that

Plaintiffs still assert a claim under the IDEA, that claim relates solely to Keith and Olivia's rights under the statute.

Still, Defendants are incorrect in their assertion that they have "no obligations to parents of students under the IDEA[.]" (Doc. # 6 at 14). Quite the opposite. The Supreme Court has held that the "IDEA grants parents independent, enforceable rights" and that those rights "encompass the entitlement to a free appropriate public education for the parents' child." *Winkelman*, 550 U.S. at 533. So, the fact that Keith and Olivia Cox were never enrolled as students with Boone County Schools does not require dismissal of their IDEA claim. (Doc. # 6 at 13-14). Similarly, that neither Keith nor Olivia has a qualifying disability does not doom their Complaint. (*Id.*). Accordingly, the Court rejects Defendants' first argument for dismissal.

Next, Defendants argue that Plaintiffs' IDEA claim must be dismissed because Plaintiffs have failed to exhaust their administrative remedies, as required by the statute. (*Id.* at 14). A plaintiff must exhaust all remedies available under the IDEA prior to filing a civil action. *See* 20 U.S.C. § 1415(l). The Sixth Circuit has yet to determine whether exhaustion under the IDEA is a jurisdictional requirement. *See L.G. by and through G.G. v. Bd. of Educ. Of Fayette Cnty.*, 775 F. App'x 227, 231 n.3 (6th Cir. 2019). However, it has "implied the contrary" on multiple occasions. *Li v. Revere Local Sch. Dist.*, No. 21-3422, 2023 WL 3302062, at *10 (6th Cir. May 8, 2023) (citations omitted); *see also Gibson v. Forest Hills Local Sch. Dist. Bd. of Educ.*, 655 F. App'x 423, 430-31 (6th Cir. 2016) ("[W]e have lately broken with our own precedent and implied that the IDEA's exhaustion requirement is not jurisdictional in nature.") (citations omitted). And district courts in the Sixth Circuit have granted Rule 12(b)(6) motions for failure to exhaust the administrative

remedies afforded under the IDEA. *See, e.g.*, *J.A. by and through S.A. v. Williamson Cnty. Bd. of Educ.*, 731 F. Supp. 3d 938, 950 (M.D. Tenn. 2024).

As discussed above, exhaustion occurs upon the resolution of an appeal by the ECAB. Here, Plaintiffs offer no indication that they have exhausted their remedies under the IDEA. The Complaint makes vague allusions to "administrative due process proceedings concerning the children's educational needs," but offers no further detail. (Doc. # 1-1 ¶ 10). In their Response, Plaintiffs do not dispute Defendants' claim that they have failed to exhaust their administrative remedies. (Doc. # 7-2 at 1-2). Nor do Plaintiffs argue that an exception to the exhaustion requirement should apply. (*Id.*).

However, even assuming that Keith and Olivia Cox have exhausted their administrative remedies, dismissal is appropriate because the Complaint provides only conclusory allegations that fall well below Rule 8's standard, even taking Plaintiffs' *pro se* status into account. For one thing, it is not clear *which* of the Cox children Keith and Olivia believe were denied a FAPE. The Complaint alleges that "the majority [of Keith and Olivia's children] attended schools operated by Defendants during the relevant time period" and that "[o]ne or more of the minor children suffered from a health condition that substantially impacted their ability to participate fully in school activities." (Doc. # 1-1 ¶¶ 4, 9). Without further detail, the Court is unable to conclude that any such "health condition" even qualifies as a disability under the IDEA. *See* 20 U.S.C. § 1401(3)(A).

Moreover, Plaintiffs have not alleged *how* Defendants failed to provide a FAPE to their children. Instead, Plaintiffs simply state that "Defendants failed to identify, evaluate, and provide a free appropriate public education (FAPE) and reasonable accommodations for eligible students as required by federal law. Those failures caused educational harm

and other damages." (Doc. # 1-1 ¶ 26). These sweeping and conclusory allegations are devoid of concrete and specific facts that "raise [Plaintiffs'] right to relief above the speculative level.[7] *Twombly*, 550 U.S. at 555 (citations omitted); *see also B.D. ex rel. Dragomir v. Griggs*, No. 1:09-cv-439, 2010 WL 2775841, at *6 (W.D.N.C. July 13, 2010) (dismissing IDEA claim under Rule 12(b)(6) where a *pro se* parent merely stated that her child had been denied a FAPE without explaining the manner in which the defendants did so).

Critically, Plaintiffs do not identify the administrative IDEA proceeding which they seek to challenge in this Court. The IDEA provides "any party aggrieved by the findings and decisions" made during an administrative due process hearing with the right to bring an action in state or federal courts within 90 days. 20 U.S.C. § 1415(i)(2)(B). Plaintiffs have listed six children in the Complaint. However, Plaintiffs also allege that some of these children never attended Boone County Schools. (Doc. # 1-1 ¶ 4). While the Court holds Plaintiffs' *pro se* pleading to a more lenient standard, this kind of allegation is insufficient to provide Defendants with fair notice of the basis for the IDEA claim. *See Twombly*, 550 U.S. at 555. At the very least, Plaintiffs must identify the IDEA

---

7 The Complaint also alleges that "[d]uring administrative due process proceedings concerning the children's educational needs, false signatures were discovered on official school documents, a fact proven in that administrative proceeding, demonstrating administrative impropriety and undermining the integrity of the district's record-keeping procedures." (Doc. # 1-1 ¶ 10). Procedural violations can provide grounds for an IDEA claim, but "[o]nly if [the] procedural violation has resulted in substantive harm, and thus constitutes a denial of a FAPE[.]" *Nack ex rel. Nack v. Orange City Sch. Dist.*, 454 F.3d 604, 609 (6th Cir. 2006) (citing *Knable ex rel. Knable*, 238 F.3d 755, 764 (6th Cir. 2001)). Here, it is not clear that Plaintiffs base their IDEA claim on a procedural violation. Although Plaintiffs make a cryptic reference to "false signatures" on "official school documents," they provide no additional detail. (Doc. # 1-1 ¶ 10). Further, Plaintiffs do not allege that these "false signatures" resulted in the denial of a FAPE or that they otherwise resulted in substantive harm. Instead, Plaintiffs merely allege that these signatures "demonstrate[e] administrative impropriety and undermin[e] the integrity of the district's record-keeping and procedures." (*Id.*).

administrative decision which they seek to challenge in this Court. In their Motion to Dismiss, Defendants identify three administrative proceedings—concerning Vernira Cox, Da'Karia Cox, and Shamar Cox. (Doc. # 6 at 3; *see also* Docs. # 6-1 through 6-3). Each of these due process actions was filed during the 2017-18 school year and subsequently resolved in 2019.[8] (*Id.*). Even assuming that Plaintiffs' IDEA claim is based on one or more of these administrative actions, however, the Court and Defendants are left to speculate as to which.

As a result, Plaintiffs fail to state a claim and Defendants' Motion is **granted** with respect to Plaintiffs' IDEA claim.

#### ii. § 504 of the Rehabilitation Act and the ADA

Defendants also argue that any claims under § 504 of the Rehabilitation Act or the ADA must be dismissed. This is so, Defendants contend, because Keith and Olivia Cox may not assert claims under those statutes on behalf of their children in a *pro se* capacity. (Doc. # 6 at 13-14). And because the Complaint does not allege that either Keith or Olivia have a qualifying disability, their claims under the statutes must fail. (*Id.* at 14). Plaintiffs, in their Response, do not dispute these arguments. (Doc. # 7-2 at 2). Instead, Plaintiffs emphasize their ability to maintain claims under Kentucky state law, as well as "discrimination claims under Title VI and § 1983" and "claims for damages suffered personally as parents." (*Id.*).

---

8 Plaintiffs did not file the Complaint in this action until March 13, 2026. (Doc. # 1-1 at 5). Thus, any claims Keith and Olivia may have under the IDEA appear to be time-barred by 20 U.S.C. § 1415(i)(2)(B), which requires a party aggrieved by the findings of an administrative action to bring an action in state or federal court within 90 days. However, Defendants did not raise this issue in their Motion to Dismiss.

The Court agrees with Defendants that Keith and Olivia Cox, proceeding *pro se*, may not pursue claims on behalf of their children under the ADA or the Rehabilitation Act. Although the Sixth Circuit has not spoken on the issue, district courts in this circuit have regularly held that "[u]nlike the IDEA, a child's right to be free from discrimination conferred under the [Rehabilitation Act], ADA, and the Equal Protection Clause . . . belongs to the child alone." *Humphrey v. Maury Cnty. Bd. of Educ.*, No. 1:26-cv-37, 2026 WL 1068989, at *4 (M.D. Tenn. Apr. 20, 2026) (citing *Link ex rel. Link v. Metro Gov't of Nashville & Davidson Cnty.*, No. 3:12-cv-0472, 2012 WL 4506028, at *5 (M.D. Tenn. Sept. 28, 2012); *Burton v. Cleveland Heights-Univ. Heights City Sch. Dist. Bd. of Educ.*, No. 1:17-cv-134, 2017 WL 4348915, at *4 (N.D. Ohio Sept. 29, 2017)). As a result, the Court will **grant** Defendants' Motion with respect to the ADA and the Rehabilitation Act.[9]

### *5. Title VI and Fourteenth Amendment Claims*

Defendants also move to dismiss Plaintiffs' claims under Title VI of the Civil Rights Act of 1964 and the Fourteenth Amendment.[10] (Doc. # 6 at 15). The Court will first

---

[9] To the extent that Plaintiffs claim that Defendants discriminated against them personally based on their children's disabilities, such a claim would similarly be dismissed. The Sixth Circuit has recognized that associational discrimination claims are viable under the ADA and the Rehabilitation Act. *See Popovich v. Cuyahoga Cty. Court of Common Pleas, Domestic Relations Div.*, 150 F. App'x 424, 427–28 (6th Cir. 2005). It is unclear whether Plaintiffs seek to assert a claim under these statutes on an associational basis. (*See* Doc. # 7-2 at 2 (stating that parents can bring claims stemming from discrimination they suffered personally)). However, even if Plaintiffs wish to prosecute such a claim, they have failed to allege a sufficient factual basis. The Complaint alleges—in conclusory fashion—that Plaintiffs and their children "were subjected to differential treatment, hostility, and adverse actions by school staff and administrators based on the family's *race and skin color*." (Doc. # 1-1 ¶ 13 (emphasis added)). But Plaintiffs fail to allege that they experienced discrimination based on one of their children's disabilities. Thus, they have failed to state a claim for relief under the ADA or Rehabilitation Act. *See Burton*, 2017 WL 4348915, at *4 (dismissing claims under the ADA and Rehabilitation Act where the plaintiff failed to allege that she "was discriminated against or denied benefits or services based on [her daughter's] disabilities").

[10] Count V of the Complaint invokes "KRS Chapter 344 (Kentucky Civil Rights Act), and federal civil rights laws including the Equal Protection Clause of the Fourteenth Amendment and

address Plaintiffs' claim under the Equal Protection Clause of the Fourteenth Amendment.

### i. Fourteenth Amendment Claim

In Count V, Plaintiffs assert that Defendants "engaged in unlawful discrimination against Plaintiffs and their children on the basis of race and skin color" in violation of the Equal Protection Clause of the Fourteenth Amendment. (Doc. # 1-1 ¶ 28). The Fourteenth Amendment provides that "no state shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. CONST. AMEND. XIV. 42 U.S.C. § 1983 serves as the vehicle to obtain damages for violations of the Constitution and federal statutes.[11] *Cmtys. for Equity v. Mich. High Sch. Ath. Ass'n*, 459 F.3d 676, 681 (6th Cir. 2006). To state a claim under § 1983, a plaintiff must show: "(1) that he or she was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of law." *Robertson v. Lucas*, 753 F.3d 606, 614 (6th Cir. 2014). Where, as here, a plaintiff's § 1983 claim flows from the Equal Protection Clause, he "must allege that the state made a distinction which

---

Title VI of the Civil Rights Act of 1964 (to the extent applicable)." (Doc. # 1-1 ¶ 28). As the Court discussed with respect to Count IV, this kind of shotgun pleading is deficient on its face. *See supra*, n.6.

[11] Defendants argue that Plaintiffs' claim under the Fourteenth Amendment's Equal Protection Clause must be dismissed because "[c]onstitutional provisions themselves do not provide a private right of action." (Doc. # 6 at 15). And, Defendants continue, "merely alleging a violation of a justiciable constitutional right is insufficient to state a cause of action." (*Id.* (citing *Enrique-Perdomo v. Newman*, 740 F. Supp. 3d 560, 569 (W.D. Ky. 2024))). Because Plaintiffs did not explicitly invoke § 1983 in their Complaint, Defendants insist that the Court dismiss Plaintiffs' claim under the Fourteenth Amendment. (*Id.*). The Court will not dismiss Plaintiffs' Fourteenth Amendment claim simply because it fails to mention § 1983. *See Jones v. City of Warrensville Hts.*, No. 1:18-cv-647, 2019 WL 1077691, at *3 n.3 (N.D. Ohio Mar. 6, 2019) (declining to dismiss a *pro se* plaintiff's claim for First Amendment retaliation even though the plaintiff failed to specifically mention § 1983).

burden[ed] a fundamental right, target[ed] a suspect class, or intentionally treat[ed] one differently from others similarly situated without any rational basis for the difference." *Doe v. Miami Univ.*, 882 F.3d 579, 595 (6th Cir. 2018) (internal quotations omitted). Still, to survive a Rule 12(b)(6) motion a plaintiff must offer more than conclusory allegations of discriminatory animus. *Nali v. Ekman*, 355 F. App'x 909, 912-13 (6th Cir. 2009)

Here, Plaintiffs fail to offer any specific instances of discrimination they suffered at the hands of Defendants. Nor do Plaintiffs provide factual details regarding Defendants' purportedly discriminatory conduct aimed at Plaintiffs' children. Instead, the Complaint alleges that "Plaintiffs and their children were subjected to differential treatment, hostility, and adverse actions by school staff and administrators based on the family's race and skin color." (Doc. # 1-1 ¶ 13). And, Plaintiffs continue, "Defendants' failures to investigate, discipline, accommodate, or protect the children were motivated in whole or in part by discriminatory animus and resulted in disparate treatment compared to similarly situated students of a different race." (*Id.*). This discriminatory conduct "included, but is not limited to, refusal or delay in providing appropriate accommodations and special education services, failure to investigate and remediate bullying and sexual misconduct directed at the Plaintiffs' children, disparate disciplinary measures, and derogatory or demeaning statements and conduct by school personnel." (*Id.* ¶ 14).

The Court must dismiss Keith and Oliva Cox's Equal Protection claim because the Complaint fails to provide enough factual allegations to establish a claim of discrimination by Boone County. Even by the more lenient *pro se* pleading standard, the Complaint does not contain facts from which the Court could reasonably infer that Boone County treated Keith and Olivia differently than similarly situated parents. Indeed, the Complaint

only alleges that the Coxes' children were treated differently than "similarly situated *students* of a different race." (*Id.* ¶ 13 (emphasis added)).

But even this allegation will not suffice. Plaintiffs who seek to maintain an equal protection claim must offer more than conclusory allegations that "similarly situated" individuals of another race were treated differently. *See Mall v. Educ. Serv. Ctr. of Cen. Ohio*, No. 2:19-cv-4795, 2020 WL 3173149, at *6 (S.D. Ohio June 15, 2020) (dismissing equal protection claim where the plaintiff alleged that "similarly situated and circumstanced groups and people of other race [sic] are treated more favorably"); *Link*, 2012 WL 4506028, at *7 (dismissing equal protection claim where the plaintiff failed to "provide any details concerning how the white beneficiaries of [the defendant's] alleged disparate treatment were similarly situated"). Plaintiffs offer little detail as to Defendants' allegedly discriminatory conduct. They do not explain how they "were subjected to differential treatment, hostility, and adverse actions" by Defendants or how Defendants failed "to investigate, discipline, accommodate, or protect the children." (Doc. # 1-1 ¶ 13). And the Complaint simply concludes that Defendants' conduct was "directed at the family because of their race" without any further elaboration. (*Id.* ¶ 14). These are the sort of "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" that do not pass muster at the 12(b)(6) stage of the proceedings. *See Iqbal*, 556 U.S. at 678. Accordingly, the Court will **grant** Defendants' Motion as to Plaintiffs' claim under the Equal Protection Clause.

**ii. Title VI Claim**

Defendants also move to dismiss Plaintiffs' claim that Boone County violated Title VI of the Civil Rights Act of 1964. As with Plaintiffs' equal protection claim, Defendants

contend that the Coxes' Title VI claim must be dismissed because it is "premised solely upon conclusory allegations of discriminatory intent without additional supporting details[.]" (Doc. # 6 at 17). In their Response, the Coxes argue that dismissal is inappropriate because the Complaint alleges, among other things, "racial discrimination and disparate treatment" and a "failure to protect children from bullying, discrimination, and sexual misconduct." (Doc. # 7-2 at 1).

Title VI of the Civil Rights Act of 1964 provides that "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d. To establish a claim under Title VI, a plaintiff must first show that the program from which they were excluded receives financial assistance. *Buchanan v. City of Bolivar, Tenn.*, 99 F.3d 1352,1356 (6th Cir. 1996). Next, a plaintiff must show that the defendant intended to discriminate on the basis of race, color or national origin, such that the decision to discriminate against the plaintiff was driven solely by race, color or national origin. *Id*. In other words, if there is another motivating factor behind the defendant's purported discrimination, a plaintiff's Title VI claim fails. *Id*. Finally, the plaintiff must show causation, such that their injuries would not have occurred but for the discrimination. *See Welch v. United Network for Organ Sharing*, 767 F. Supp. 3d 746, 769 (M.D. Tenn. 2025).

For the same reasons discussed with respect to their equal protection claim, the Court finds that the Complaint fails to allege sufficient detail to permit a "reasonable inference" that Defendants discriminated against Plaintiffs because of their race or skin color. *Keys v. Humana*, 684 F.3d 605, 610 (6th Cir. 2012) (citing *Iqbal*, 556 U.S. at 678).

However, the Coxes' Title VI claim is also subject to dismissal because Keith and Olivia lack standing to sue under that statute. As discussed above, Keith and Olivia may not assert claims on behalf of their children in a *pro se* capacity. Thus, to the extent that the Complaint maintains a claim under Title VI, that claim must be asserted by Keith and Olivia personally. But in order to bring a claim under a statute, a plaintiff must have "prudential" or "statutory" standing. *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 128 (2014). A plaintiff has such standing where his interests "fall within the zone of interests protected by the law invoked." *Id.* at 129 (quoting *Allen v. Wright*, 468 U.S. 737, 751 (1984)). As a result, Keith and Olivia cannot bring a Title VI claim unless their interests fall within the zone of interests protected by that statute.

"In considering suits brought under Title VI, courts have consistently held that parents lack standing to assert causes of action on their own behalf 'because they are not beneficiaries of federally-funded school programs.'" *Warner v. Sch. Bd. of Hillsborough Cnty.*, No. 8:23-cv-181-SDM-JSS, 2024 WL 3315627, at *9 (M.D. Fla. Feb. 29, 2024) (quoting *HB v. Monroe Woodbury Cent. Sch. Dist.*, No. 11-cv-5881 CS, 2012 WL 4477552, at *18 (S.D.N.Y. Sept. 27, 2012) (citation omitted); *see also I.G. by & through Grunspan v. Jefferson Cnty. Sch. Dist. Through Bd. of Educ. For Jefferson Cnty. Sch. Dist.*, 452 F. Supp. 3d 989, 998 (D. Colo. 2020) ("Courts have consistently held that parents are not the intended beneficiaries of school programs and, therefore, may not assert Title VI claims on their own behalf.") (collecting cases). Because school children, rather than parents, are the intended beneficiaries of federally funded public school programs, it is the children whose interests fall within the zone of interests protected by

Title VI. *I.G. by and through Grunspan*, 452 F. Supp. 3d at 998. Thus, the Court must **grant** Defendants' Motion with respect to Keith and Olivia's Title VI claim.

***6. Dismissal Without Prejudice***

Defendants urge the Court to dismiss Plaintiffs' claims with prejudice. (Doc. # 6 at 19). However, given Plaintiffs' *pro se* status and the fact that they have not yet attempted to file an amended complaint, the Court declines to enter a dismissal with prejudice. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal quotation marks omitted))).

***7. State Law Claims***

Plaintiffs also assert a claim under the Kentucky Civil Rights Act (Count V), and common law tort claims for negligence (Count I), intentional infliction of emotional distress (Count II), negligent supervision (Count III), and negligence per se (Count VI). Having disposed of Plaintiffs' claims under the IDEA, the Rehabilitation Act, the ADA, Title VI of the Civil Rights Act of 1964, and § 1983—the only bases for subject-matter jurisdiction—the Court declines to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims.

The Court has "broad discretion in deciding whether to exercise supplemental jurisdiction" after it has dismissed all claims over which it had original jurisdiction. *Pinney Dock & Transp. Co. v. Penn Cen. Corp.*, 196 F.3d 617, 620 (6th Cir. 1999) (internal quotations omitted). And when all federal claims are dismissed prior to trial, "there is a strong presumption in favor of dismissing supplemental claims." *Musson Theatrical, Inc.*

*v. Fed. Exp. Corp.*, 89 F.3d 1244, 1255 (6th Cir. 1996). Only "unusual circumstances"—such as "dismissal on the eve of trial" or where the parties and the court have spent years litigating the case—overcome that presumption. *Id.*

No "unusual circumstances" exist here. "The Court has dismissed the [only] federal claim[s] at the earliest possible stage of the proceedings, has held no hearings, and has based its ruling purely on written motions." *Farmer v. Gonzalez*, No. 5:21-cv-49-KKC, 2022 WL 4591637, at *7 (E.D. Ky. Sept. 29, 2022). Those considerations favor dismissal. So does comity: "Kentucky state courts are more familiar [with] and, therefore, better able to resolve" the remaining state law claims. *Bituminous Cas. Corp. v. J&L Lumber Co.*, 373 F.3d 807, 815 (6th Cir. 2004). The Court therefore declines to exercise supplemental jurisdiction and **dismisses** Plaintiffs' state law claims **without prejudice**.

## VII. CONCLUSION

Accordingly, for the reasons stated herein, **IT IS ORDERED** as follows:

(1) Plaintiffs' Motion for Leave (Doc. # 7) is **GRANTED**;

(2) Plaintiffs' Motion to Strike (Doc. # 7-2) is **DENIED**;

(3) Plaintiff's Motion to Amend Complaint (Doc. # 8) is **DENIED**;

(4) Plaintiff's Motion to Appoint Counsel (Doc. # 9) is **DENIED**;

(5) Plaintiff's Motion to Disqualify Defense Counsel or Exclude Prior Case Materials (Doc. # 10) is **DENIED**;

(6) Defendants' Motion to Dismiss (Doc. # 6) is **GRANTED**, and the Complaint (Doc. # 1-1) is **DISMISSED WITHOUT PREJUDICE**;

(7) This matter is **STRICKEN** from the Court's active docket; and

(8) A **Judgment** in favor of **Defendants** will be entered contemporaneously herewith.

This 15th day of October, 2026.

**Signed By:**

***David L. Bunning***

**Chief United States District Judge**

G:\Judge-DLB\DATA\ORDERS\Cov2026\26-144 MOO re MTD.docx